## Douglass *vs.*
## The New-York & Erie Rail-Road Co. & Smith.

When a release is obtained from the owner of land for the passage of a rail-road, with a proviso calculated to confine the line of such road to a particular portion of the land, the release will not be deemed to be operative, if the Rail-Road Company afterwards construct their road across the land by a different route substantially from that first contemplated.

THE complainant was the owner of a farm of more than eight hundred acres, lying in the town of Pom-

fret, in the county of Chautauque, and near the vil- Feb. 1840.

Douglass
v.
The N. Y.
and Erie
Rail-Road
Co. and
Smith.
lage of Dunkirk. In 1835, the defendant Walter
Smith, as agent of the New-York and Erie Rail-
Road, applied to the complainant to obtain from him
a cession of his land, or so much thereof as would
be necessary for the track of the rail-road which it
was contemplated would pass through it. On the
second day of June, 1835, the complainant executed
an instrument to the New-York and Erie Rail-Road
Company, by which he conveyed to the said com-
pany so much of his said farm as should be selected
and laid out by the said company for the site of their
rail-road, six rods in width, through said farm, with
this clause: " Provided always, and this grant is
upon the express condition, that the said rail-road
shall be constructed by the said company within the
times prescribed in the act of incorporation ; and also,
that the said rail-road shall not cross the Town-Line
road leading from the main road by my dwelling
house to Dunkirk, south of a point in the centre of
said road, which shall be seventy-nine rods North-
wardly from my dwelling house ;" which instrument
was delivered to the said Walter Smith for the said
company, and witnessed by him.

The complainant charges in his bill, that Smith
represented to him, that to induce him to execute
said instrument, the rail-road would be built on the
East side of the Roberts road, and that such was
the purport and effect of the instrument he had signed;
that the complainant's faculties were impaired ; and
that he was old and infirm, and could not read the
instrument ; and that Smith read to him, and induced
him to sign it by his fraudulent representations. The
rail-road was afterwards constructed through almost

Feb. 1840.

Douglass
v.
The N. Y.
and Erie
Rail-Road
Co. and
Smith.

the centre of the complainant's farm, and running through the whole length or breadth of it; and the complainant filed this bill to set aside the grant as fraudulently obtained; and it is agreed that the court shall give a construction to the contract. Smith's answer is called for, and put in under oath. The company's answer is not put in upon oath. It comes on for hearing upon pleadings and proofs.

*C. Tucker*, for complainant.

*Rathbone & Marsh*, for N. Y. & Erie Rail-Road.

*E. Mullett*, for Walter Smith.

THE VICE CHANCELLOR. This bill is filed to set aside a conveyance to the New-York and Erie Rail-Road Company, procured by the fraudulent representations of Smith, their agent. Smith answers upon oath, denying the fraud. Witnesses are examined, and Smith among them; and though there is a great discrepency in their testimony, still I think it can be reconciled without an imputation of wilful perjury upon any one. The witnesses Lavinia Montgomery and Ledyard Douglass, in their testimony, probably refer to another time than that of the execution of the instrument in question; and therefore their testimony may be substantially true, and also the answer and testimony of Smith. Before a full examination and minute comparison of the testimony, I am satisfied the deed should not be set aside on the ground of fraudulent representation. But the construction to be given to the instrument, is also submitted to the court upon the argument, if not by the pleadings. A reference to the situation of the complainant's farm as laid down upon the map con-

Feb. 1840.

Douglass
v.
The N. Y.
and Erie
Rail-Road
Co. and
Smith.

nected with the bill, will materially guide us in giving construction to this instrument.   In 1835, a route for the rail-road was run upon the East side of the Roberts road.   This route would pass through only the North-East corner of the complainant's farm.  When Smith called upon the complainant for a release, doubtless both Smith and the complainant fully believed that the rail-road would be constructed upon that route.   But Smith wanted a general release, which the complainant was unwilling to give.   He offered to give a release confining the route to the East side of the Roberts road; but this, Smith said, would not answer the purposes of the company. The complainant finally consented to give a release, with a proviso inserted therein, that the rail-road should not cross the town line road South of a point 79 rods North of his dwelling house.   A glance at the map will show the effect of this proviso, and the views which the complainant probably had in having it inserted.   The final termination of the road was to be at Dunkirk, Northerly from the complainant's house.   The route of the road was from the South East.. If the road should not cross the town-line road South of the point designated in the proviso, it could not cross the complainant's farm, except on the North East corner of it, and at least 79 rods from his house, though it might cross his farm West of the Roberts road.   It seems to me that by this proviso, the complainant intended that if the rail-road crossed his farm free of expense, it should only cross the North-East portion of it ; and it seems to me, from looking at the map, that the insertion of this proviso was admirably intended to answer that object ; and that it is in vain to say that the complainant's faculties were impaired,

Feb. 1840.

Douglass
v.
The N. Y.
and Erie
Rail-Road
Co. and
Smith.

or that he was stupid, when he has given this evidence of shrewdness. The rail-road was in fact afterwards constructed across the complainant's farm, not only West of the Roberts road, but crossing the Town-Line road South of the point mentioned in the proviso. It does not, however, cross the Town-Line road upon the complainant's farm, but South of it, and South of the main road; and the defendant contends that as it does not cross the Town-Line road between the main road and the point designated, that the agreement is operative. I infer, however, that the clause inserted in the proviso, is simply for the purpose of identifying the road, and not the limits within which the rail-road shall cross it; and that it was the clear intention of the complainant, as derived from the instrument, that the rail-road should not cross his farm free of expense, unless it also crossed the Town-Line road at a point North of 79 rods North of his house. If such was the fact, the railroad company take nothing by the release; and it must be decreed that the release does not give the company a right to construct their road where they have done; and the company must pay the complainant costs of this suit, to be taxed.

The complainant's bill must, however, be dismissed as to the defendant Smith, without costs, inasmuch as the charge of fraudulent representations made by him, is not sustained.